1  CENTER FOR DISABILITY ACCESS
   Ray Ballister, Jr., Esq., SBN 111282
2  Mark Potter, Esq., SBN 166317
   Phyl Grace, Esq., SBN 171771
3  Dennis Price, SBN 279082
   Teresa Allen, SBN 264865
4  Mail: PO Box 262490
   San Diego, CA 92196-2490
5  Delivery: 9845 Erma Road, Suite 300
   San Diego, CA 92131
6  (858) 375-7385; (888) 422-5191 fax
   phylg@potterhandy.com
7
8  Attorneys for Plaintiffs

9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

| 13 | **Pamela Koussa**, | Case No. |
|---|---|---|
| 14 | Plaintiff, | **Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |
| 15 | v. | |
| 16 | | |
| 17 | **Soscol & Shetler Napa LLC,** a California Limited Liability Company; | |
| 18 | **La Bella Terra Decorative Iron Works, LLC,** a California Limited | |
| 19 | Liability Company; and Does 1-10, | |
| 20 | Defendants. | |

21

22        Plaintiff Pamela Koussa complains of Soscol & Shetler Napa LLC, a

23  California Limited Liability Company; La Bella Terra Decorative Iron Works,

24  LLC, a California Limited Liability Company; and Does 1-10 ("Defendants"),

25  and alleges as follows:

26

27        **PARTIES:**

28  1.  Plaintiff is a California resident with physical disabilities. She is

                                    1

Complaint

paralyzed from the waist down. She uses a wheelchair for mobility.

2.   Defendant Soscol & Shetler Napa LLC owned the real property located at or about 222 Soscol Avenue, Napa, California, in April 2016.

3.   Defendant Soscol & Shetler Napa LLC owns the real property located at or about 222 Soscol Avenue, Napa, California, currently.

4.   Defendant La Bella Terra Decorative Iron Works, LLC owned the La Bella Terra store ("Store") located at or about 222 Soscol Avenue, Napa, California, in April 2016.

5.   Defendant La Bella Terra Decorative Iron Works, LLC owns the La Bella Terra store ("Store") located at or about 222 Soscol Avenue, Napa, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Store in April 2016 to shop.

11. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages reserved by defendants to persons at the property serving the Store.

13. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons at the Store, there were no compliant accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines in April 2016.

14. On information and belief, plaintiff alleges that there used to be a compliant, accessible parking space in the parking lot prior to April 2016.

15. Plaintiff alleges, on information and belief, defendants allowed the parking spaces that were previously reserved for persons with disabilities to fade away into oblivion or get paved over.

16. Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the Store.

17. The defendants had no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities remained useable prior to April 2016.

18. The defendants have no policy or plan in place to make sure that the

3

accessible parking spaces reserved for persons with disabilities remain useable currently.

19. Although there are merchandise aisles open to customers for shopping, the paths of travel in and throughout these merchandise aisles is not accessible to wheelchair users because of the configuration of the store and also because the defendants have a practice of placing merchandise on the route of travel restricting passage to less than 36 inches in width.

20. Indeed, some of the paths of travel narrowed to as little as 16 inches width in April 2016. This is not accessible.

21. Plaintiff personally encountered these problems.

22. These inaccessible conditions denied Plaintiff full and equal access and caused her difficulty and frustration.

23. Plaintiff lives just six miles from this Store.

24. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violations.

25. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

26. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

27. Plaintiff is and has been deterred from returning and patronizing the Store because of her knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

Complaint

28. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to his disability removed regardless of whether she personally encountered them).

29. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

Complaint

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

33. Here, the lack of an accessible parking space is a violation of the law.

34. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

Complaint

35.  Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

37. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

38. Given its location and options, plaintiff will continue to desire to patronize this Store but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

40. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

41. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: August 30, 2016          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

8

Complaint