Michael D. Welch (SBN: 111022)
MICHAEL WELCH + ASSOCIATES
770 L Street, Suite 950
Sacramento, CA. 95814
Telephone: (916) 449-3930
Facsimile: (916) 449-3930

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pamela Koussa**  Plaintiff**,**  vs.  **Soscal & Shetler Napa, LLC, et.al.**  Defendants | Case No.: 3:16-cv-05168-WHO  **DEFENDANTS' ANSWER TO COMPLAINT**  **JURY TRIAL DEMANDED** |

**Soscal & Shetler Napa, LLC and La Bella Terra Decorative Iron Works, LLC.** (hereinafter "Defendants") by and through their attorneys, Michael Welch & Associates, hereby respond to the Complaint. Defendants reserve the right to amend, add or strike affirmative defenses due to any inadvertence. Defendants further reserve the right to raise affirmative defenses and admit such as a defense at trial, which is subsequently discovered.

1. Answering the allegations of Paragraph 1, Defendants admit said allegations.
2. Answering the allegations of Paragraph 2, Defendants admit said allegations.
3. Answering the allegations of Paragraph 3, Defendants admit said allegations.
4. Answering the allegations of Paragraph 4, Defendants admit said allegations.

1

5. Answering the allegations of Paragraph 5, Defendants admit said allegations.
6. Answering the allegations of Paragraph 6, Defendants admit said allegations.
7. Answering the allegations of Paragraph 7, Defendants admit said allegations.
8. Answering the allegations of Paragraph 8, Defendants admit said allegations.
9. Answering the allegations of Paragraph 9, Defendants admit said allegations.
10. Answering the allegations of Paragraph 10, Defendants deny all said allegations.
11. Answering the allegations of Paragraph 11, Defendants deny all said allegations.
12. Answering the allegations of Paragraph 12, Defendants deny all said allegations.
13. Answering the allegations of Paragraph 13, Defendants deny all said allegations.
14. Answering the allegations of Paragraph 14, Defendants deny all said allegations.
15. Answering the allegations of Paragraph 15, Defendants deny all said allegations.
16. Answering the allegations of Paragraph 16, Defendants deny all said allegations.
17. Answering the allegations of Paragraph 17, Defendants deny all said allegations.
18. Answering the allegations of Paragraph 18, Defendants deny all said allegations.
19. Answering the allegations of Paragraph 19, Defendants deny allsaid allegations.
20. Answering the allegations of Paragraph 20, Defendants deny all allegations.
21. Answering the allegations of Paragraph 21, Defendants deny all allegations.
22. Answering the allegations of Paragraph 22, Defendants deny all allegations.
23. Answering the allegations of Paragraph 23, Defendants deny all allegations.
24. Answering the allegations of Paragraph 24, Defendants deny all allegations.
25. Answering the allegations of Paragraph 25, Defendants deny all allegations.
26. Answering the allegations of Paragraph 26, Defendants deny all allegations.
27. Answering the allegations of Paragraph 27, Defendants deny all allegations.
28. Answering the allegations of Paragraph 28, Defendants deny all allegations.
29. Answering the allegations of Paragraph 29, Defendants deny all allegations.
30. Answering the allegations of Paragraph 30, Defendants deny all allegations.
31. Answering the allegations of Paragraph 31, Defendants deny all allegations.
32. Answering the allegations of Paragraph 32, Defendants deny all allegations.
33. Answering the allegations of Paragraph 33, Defendants deny all allegations.
34. Answering the allegations of Paragraph 34, Defendants deny all allegations.
35. Answering the allegations of Paragraph 35, Defendants deny all allegations.

36. Answering the allegations of Paragraph 36, Defendants deny all allegations.

37. Answering the allegations of Paragraph 37, Defendants deny all allegations.

38. Answering the allegations of Paragraph 38, Defendants deny all allegations.

39. Answering the allegations of Paragraph 39, Defendants deny all allegations.

40. Answering the allegations of Paragraph 40, Defendants deny all allegations.

41. Answering the allegations of Paragraph 41, Defendants deny all allegations.

42.

## **Affirmative Defenses**

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to state a claim)**

1. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant allege that the Complaint and each and every cause of action therein fail to state a claim upon which relief may be granted

### **SECOND AFFIRMATIVE DEFENSE**
### **(Mitigation)**

2. AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's has failed to mitigate his damages including but limited to those required by Cal. Civ. Code 56.55(h).

### **THIRD AFFIRMATIVE DEFENSE**
### **(Access Changes Not Required by Law/Disproportionate Cost)**

3. AS AND FOR THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFNESE, Defendants are informed and believes and thereon alleges that applicable law does not require some or all of Plaintiff's proposed access changes. Defendants are unaware of Plaintiff's specific complaints of alleged architectural barriers as his Complaint is general and vague. Defendants are informed and believe that based on future construction/contractor bids regarding proposed access changes, the costs of said bids will show that the proposed changes are

disproportionate to the overall previous applicable access law. Defendant asserts this defense based on the construction/contractor bids and the discovery of proposed access changes and complaints.

## FOURTH AFFIRMATIVE DEFENSE
### (Structurally Impracticable/Undue Burden/Financially and Technically Infeasible/Too Expensive/Alternate & Equivalent Access)

4.     AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants are informed and believes that to meet the access requirements that Plaintiff's request, such would be structurally impracticable or technically infeasible. Defendants are informed and believe those proposed construction/contractor bids and Defendant's earnings would be practically difficult and/or too expensive and are not required applicable access law. Moreover, Defendant has alternative methods and equivalent accessibility provided to the disabled, including alternative accessible features which have implemented to the maximum extent feasible. Defendant assert the financially infeasible defense based on future construction/contractor bids regarding some or all purposed access changes once disclosed to Defendant by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Not Readily Achievable)

5.     AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants are informed and believe that the proposed access changes are not "readily achievable" as defined by applicable access law.

## SIXTH AFFIRMATIVE DEFENSE
### (Reliance on Building Authorities)

6.     AND FOR SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants are informed and believe that the Complaint and each cause of action alleged therein are barred by reason of Defendant' good faith reliance upon the permissible, reasonable interpretation of the applicable access codes by local government building authorities and the issuance of appropriate building permits and exemptions and/or waivers.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith Reliance)

7. AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants are informed and believe that the Complaint and each cause of action alleged therein is barred by reason of Defendant' good faith reliance upon the advice of architects and/or designers, contractors, building permit inspectors, government authorities etc. who provided evaluation, approval consultation and or exemptions.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Standing)

8. AND FOR EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff lacks standing to maintain this action and each cause of action contained in this action.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

9. AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants are informed and believes and thereon alleges that the Doctrine of Unclean Hands bars Plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

10. AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all of Plaintiff's causes of action asserted in his Complaint are barred by applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

11.     AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants are informed and alleges lack of jurisdiction because there is no live case or controversy regarding Plaintiff's demands for injunctive relief as access improvements are complete or will be complete.

### TWELFTH AFFIRMATIVE DEFENSE

12.     AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that all or some of Plaintiffs allegations of alleged ADA violations are either wholly in applicable as no law exists or wrong or legal contentions that are false and/or patently frivolous.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations – As to State Claims)

13.     AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for relief is barred by the applicable statute of limitations, including California Civil Code section 340(3)

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Not a Bona Fide Patron)

14.     AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant allege that the Complaint, and each purported claim for relieve alleged therein, is barred because Plaintiff was not a bona fide patron of the facility. Instead, if Plaintiff visited the facility, he did so for purpose of instituting the instant litigation.

WHEREFORE, the Answering Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by reason of his Complaint;
2. For such costs and expenses of suit incurred herein;

3. Reasonable attorney's fees according to proof;

4. For such other and further relief as the Court may deem just and proper.


DATED: November 28, 2016                    MICHAEL WELCH + ASSOCIATES

                                              By: /s/ Michael D. Welch
                                              Attorneys for Defendant

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial

DATED: November 28, 2016                    MICHAEL WELCH + ASSOCIATES

                                              By: /s/ Michael D. Welch
                                              Attorneys for Defendant